THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BREANNA POST, on her own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOONEY & BOURKE, INC.,<br><br>Defendant. | Case No. 2:26-cv-00249-LK<br><br>**RESPONSE TO ORDER TO SHOW CAUSE**<br><br>*ORAL ARGUMENT REQUESTED* |

## I. INTRODUCTION

Defendant Dooney & Bourke, Inc. respectfully submits this response to the Court's August 17, 2026, Order to Show Cause (Dkt. 30) why there is Article III standing over this action for purported violations of Washington's Commercial Electronic Mail Act ("CEMA"), Wash. Rev. Code § 19.190, and Washington's Consumer Protection Act ("CPA"), based on allegations of receiving false and misleading emails. The exercise of federal jurisdiction over Plaintiff's claims is consistent with well-established U.S. Supreme Court and Ninth Circuit precedent. Both parties ***agree*** the Complaint pleads sufficient facts to establish Article III standing. *See* Dkt 17, Def.'s Mot. Dismiss at 4–5; Dkt. 22, Pl.'s Resp. Mot. Dismiss at 2–3. While Defendant recognizes this Court has remanded other CEMA cases for lack of standing, several other judges in the District have found standing in very similar cases, both explicitly and implicitly (by reaching the merits of



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

motions to dismiss). *E.g.*, *Liss et al. v. Skechers USA Inc.*, 2026 WL 1392327, at *3 (W.D. Wash. May 19, 2026) (**finding that "a violation of CEMA confers Article III standing"**); *Devivo v. Sheex Inc.*, 2026 WL 1734589, at *2 (W.D. Wash. June 16, 2026) (**same**); *Meade v. Profusion Cosmetics Corp.*, No. 3:26-cv-05498-BHS, Dkt. 17 (W.D. Wash. July 16, 2026) (dismissing CEMA and CPA claims on the merits); *Ma v. Nike, Inc.*, 816 F. Supp. 3d 1227 (W.D. Wash. Jan. 14, 2026) (denying motion to dismiss on the merits); *Jerde v. BYLT LLC*, 2026 WL 415445 (W.D. Wash. Feb. 13, 2026) (same); *Agnew v. Macy's Retail Holdings, LLC*, 2026 WL 764140 (W.D. Wash. Mar. 18, 2026) (same). Further, the opinions that have gone the other way and remanded CEMA claims to state court are distinguishable and/or incorrect and also did not consider the "***risk of harm***" shown here in Section II.C *infra*. *See* Dkt. 30 at 3 (raising *Aronson v. 5 Star Apparel LLC*, 2026 WL 2332885, at *2–3 (W.D. Wash. Aug. 4, 2026), and other cases).

If the Court nevertheless believes there is doubt about Article III standing here, the Court should wait for guidance from the Ninth Circuit in the appeal from an order dismissing a CEMA complaint for lack of standing in *Montes v. Catalyst Brands LLC*, 2025 WL 3485827, at *2-3 (E.D. Wash. Dec. 4, 2025) ("*Montes*"), which the Court raises in its Order to Show Cause (Dkt. 30 at 3). *See also Montes v. Penney OpCo, LLC*, No. 25-8045 (9th Cir.) ("*Montes Appeal*"). That case squarely raises the question at issue here, under essentially identical circumstances: does a CEMA plaintiff alleging she received false and misleading emails suffer a cognizable Article III injury-in-fact? (And, as explained below, *Montes* misconstrues well-settled Ninth Circuit law and is wrongly decided.) By staying this case pending Ninth Circuit appeal, this Court would follow the lead of several other judges in this Circuit. *See infra* § II.D.

For the following reasons, Defendant respectfully requests the Court either find that Plaintiff has Article III standing or stay the case pending the Ninth Circuit appeal.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## II. DISCUSSION

### A. Plaintiff Alleges She Suffered the Precise Harm the Legislature Enacted CEMA to Prevent.

To satisfy Article III standing, a plaintiff must allege an injury-in-fact that is "concrete, particularized, and actual or imminent." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). "'Concrete' is not, however, necessarily synonymous with 'tangible,'" and to the contrary there is a robust body of precedent holding that "intangible injuries can nevertheless be concrete." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016), *as revised* (May 24, 2016) (collecting cases). In other words, "[a] concrete injury need not be tangible." *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1270 (9th Cir. 2019) (holding the Illinois Biometric Information Privacy Act protects concrete interests tracing back to the "common law roots of the right to privacy") (collecting cases). The Ninth Circuit has recognized that alleged violations of statutes that guard against unwanted messages—which, "by their nature, invade the privacy and disturb the solitude of their recipients"—in and of themselves constitute concrete injuries sufficient to confer Article III standing, without having to allege any additional harm. *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043–48 (9th Cir. 2017) (holding alleged Telephone Consumer Protection Act ("TCPA") violation satisfied injury-in-fact but ultimately affirming grant of summary judgment in defendants' favor because recipient gave prior express consent to be contacted on cell phone and did not revoke consent by cancelling gym membership). After all, actions to remedy "invasions of privacy, intrusion upon seclusion, and nuisance have long been heard by American courts…" *Id.* at 1043.

By enacting CEMA, the Washington Legislature, like Congress in *Van Patten*, "identified unsolicited contact as a concrete harm, and gave consumers a means to redress this harm." *See id.* And the harms Plaintiff alleges here are "in precisely the form the statute was intended to guard against." *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982). For these reasons, courts in this District have routinely held that receipt of unwanted commercial emails under CEMA



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

constitute "a concrete injury that establishes Article III standing."[1] *Brinton v. Vivint Inc.*, 2024 WL 3688589, at *2 (W.D. Wash. Aug. 7, 2024), *appeal dismissed*, 2025 WL 2472999 (9th Cir. Mar. 7, 2025). "The harms resulting from deceptive commercial e-mails resemble the type of harms remedied by nuisance or fraud actions," and CEMA gives individuals an enforceable "right to be free from certain forms of deceptive commercial e-mail advertisements." *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1008 (W.D. Wash. 2019).

The parties agree Plaintiff's allegations of harm meet this standard. *See* Dkt. 17 at 4–5; Dkt. 22 at 2–3. Plaintiff alleges that Defendant "bombarded Plaintiff with commercial emails… in violation of her right to be free from such ***annoyance*** and ***harassment*** under CEMA." Dkt. 1-2, Compl. ¶ 93 (emphasis added). She claims that Defendant "spams Washington consumers" to "create a false sense of urgency in consumers' minds—and ultimately, from consumers' wallets." *Id.* ¶ 4. These allegations establish her standing to sue. *See also id.* ¶ 23 (quoting *Harbers*, 415 F. Supp. 3d at 1008). The harms Plaintiff claims, whether characterized as "lost productivity and resources, annoyance, consumption of valuable digital storage space and financial costs" or as "foundational injuries to privacy and freedom from nuisance" are all cognizable harms under the law. *Brinton*, 2024 WL 3688589, at *3 (quotations omitted).

In addition, Plaintiff alleges she received affirmatively ***deceptive*** statements in commercial emails Defendant sent, in violation of CEMA's prohibition on false and misleading email subject lines, and her purported rights under CEMA to receive truthful, nondeceptive information. *See* Compl. ¶ 93. Where a statute creates a substantive entitlement to receive accurate information, a plaintiff alleging deprivation of that right in circumstances bearing a close relationship to a traditional harm satisfies Article III. *See, e.g.*, *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956,

---

[1] Courts addressing similar claims to those asserted here have implicitly concluded that CEMA plaintiffs have standing by reaching decisions on the merits, for instance on motions to dismiss. *E.g.*, *Meade v. Profusion Cosmetics Corp.*, No. 3:26-cv-05498-BHS, Dkt. 17 (W.D. Wash. July 16, 2026) (dismissing CEMA and CPA claims on the merits); *Ma v. Nike, Inc.*, 816 F. Supp. 3d 1227 (W.D. Wash. Jan. 14, 2026) (denying motion to dismiss on the merits); *Jerde v. BYLT LLC*, 2026 WL 415445 (W.D. Wash. Feb. 13, 2026) (same).



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

966–67 (9th Cir. 2018) (alleged false advertising invaded a statutory right to truthful information satisfying Article III). Plaintiff's requests for ***injunctive relief*** (Compl. ¶¶ 7, 109, 118, 128) only further bolsters her Article III standing to pursue her CEMA and CPA claims in federal court. *See Davidson*, 889 F.3d at 972 (holding plaintiff's allegation that she had "no way of determining whether the representation 'flushable' is in fact true" established standing to assert a claim for injunctive relief).

Finally, Plaintiff alleges that Defendant's commercial emails created "false urgency" that "wastes consumers' time" by "flood[ing] consumers' email inboxes with repeated false notifications." Compl. ¶ 5; *see also id.* ¶¶ 29–83. Wasted time constitutes a concrete injury. *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1262 (11th Cir. 2021) ("wasted time" is a concrete injury under Article III); *Reichman v. Poshmark, Inc.*, 267 F. Supp. 3d 1278, 1284 (S.D. Cal. 2017) (wasted time due to unwanted text messages); *Booth v. Appstack, Inc.*, 2016 WL 3030256, at *5 (W.D. Wash. May 25, 2016) ("waste[d] time answering or otherwise addressing widespread robocalls…").

**B. *Montes* and the Recent Remand Orders Following It Distort Applicable Law.**

As shown above, the case law in this District holding that CEMA plaintiffs alleging claims based on receiving unwanted emails ***have*** Article III standing rests on established Ninth Circuit precedent. The Order to Show Cause asks whether a handful of recent remand orders would, notwithstanding the weight of prior authority, require remanding this action to state court. Dkt. 30 at 3 (discussing *Aronson* and other cases). Respectfully, none of them do: they all rely on *Montes* (*see, e.g.*, *Aronson*, 2026 WL 2332885, at *2), and *Montes* misapplies Ninth Circuit law to reach an erroneous decision and is now on appeal.

In *Montes*, an Eastern District of Washington court declined to follow the holding in *Harbers* concluding that CEMA plaintiffs have standing. In reaching that result, *Montes* distinguished the CEMA context from the one the Ninth Circuit considered in *Van Patten*, which found standing under the TCPA because that statute conferred "the right to be free from unsolicited



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

marketing messages to ensure the right to privacy and prevent nuisance," on the basis that the plaintiff in *Montes* did "not allege that these emails were unsolicited or unwanted." *Montes*, 2025 WL 3485827, at *3 (E.D. Wash. Dec. 4, 2025). This fundamentally misunderstands *Van Patten*, which—***after*** finding Article III standing was met (847 F.3d at 1043)—held that "as a matter of law Van Patten ***gave prior express consent*** to receive Defendants' text message," which is "a complete defense to Van Patten's TCPA claim." *Id.* at 1043–46 (emphasis added); *see also id.* at 1042 ("A call or text is not unsolicited… where the recipient gave the sender 'prior express consent.'"). *Montes* therefore turns on a distinction that did not exist anywhere in *Van Patten*. It is wrongly decided, and thus neither *Montes* nor any of the recent orders discussing it (*see* Dkt. 30 at 3) furnish a basis to remand this case. Moreover, as Judge Cartwright recently recognized, the "detailed analysis of concrete injury under CEMA by this District in *Harbers* remains persuasive after *TransUnion*." *Brinton*, 2024 WL 3688589, at *3; *cf. Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1117–18 (9th Cir. 2022) (holding, even after *TransUnion*, that allegedly receiving unwanted telemarketing calls in violation of the TCPA is a concrete injury-in-fact).

*Aronson*, referenced in the Court's Order to Show Cause, also understates the continued validity of *Harbers*. In *Aronson*, the court noted that *Harbers* "was decided before the Supreme Court decided *TransUnion* and before the Ninth Circuit decided *Popa v. Microsoft Corporation*, 153 F.4th 784 (9th Cir. 2025)." *Aronson*, 2026 WL 2332885, at *2 n.1. But *Popa* does not change the applicability of *Harbers* to this case. In *Camplisson v. Adidas Am., Inc.*, 809 F. Supp. 3d 1095 (S.D. Cal. 2025), the Southern District of California applied *TransUnion* and distinguished *Popa*, explaining that "[r]ather than introducing new case law that adds heightened requirements for privacy harms, *Popa* uses the same common law rules... and evaluates the specific facts of that case." *Id*. at 1106; *accord Semien v. PubMatic Inc.*, 2026 WL 216333 at *4 (N.D. Cal. Jan. 27, 2026) (distinguishing *Popa* because the plaintiff "allege[d] a more invasive injury"); *In re Meta Android Privacy Litig.*, 2026 WL 1279416 (N.D. Cal. May 11, 2026) (same). Likewise, here, a



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

fact-specific analysis of the injuries alleged by Plaintiff reveals that Article III standing is present as discussed above.

Even if the Court accepted the premise of *Montes*, this case would still be distinguishable based on its factual allegations. Like *Montes*, this Court's remand order in *Nuri v. True Religion Apparel*, 2026 WL 864886, at *3 (W.D. Wash. Mar. 30, 2026), relied in part on the lack of allegations "that any of the relevant emails were unsolicited."

In contrast, Plaintiff's Complaint here includes ***no*** allegation that she consented to the commercial emails she purportedly received. To the contrary, Plaintiff refers ***repeatedly*** to "unsolicited commercial email" (Compl. ¶¶ 14, 16, 17) and complains of "unanticipated and unwanted volumes of commercial email" (*id.* ¶ 21). Other courts in this District have distinguished *Montes* and *Nuri* on this very basis, where plaintiffs "at no point allege they consented to receive emails from Defendant." *E.g.*, *Liss*, 2026 WL 1392327, at *3.

In short, nothing in *Montes* or the remand orders discussing it warrant remanding here.

**C. Plaintiff Further Alleges a Material Risk of Deception.**

Moreover, Plaintiff ***also*** pleads facts sufficient to support standing based on a material ***risk of harm***, which is an ***independent*** basis for Article III standing. A violation of a statutory right qualifies as an injury-in-fact not only when the violation "actually harm[s]" the plaintiff's interests, but ***also*** when the violation "present[s] a material ***risk*** of harm" to the statutory right. *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 679 (9th Cir. 2021), *abrogated in part on other grounds by TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) (emphasis added).

CEMA's core purpose is to protect consumers' right to be free from deceptive marketing practices, and the statute declares a violation of CEMA "is [a]… deceptive act... for the purpose of applying the consumer protection act." RCW 19.190.100. Plaintiff alleges facts sufficient to establish standing based on a material risk of harm, *i.e.*, the harm that she may encounter additional allegedly deceptive subject lines with no way of being able to determine their truth or falsity. *Cf. Davidson*, 889 F.3d at 972. For instance, Plaintiff alleges that through "deceptive time-sensitivity"



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

Defendant "steer[s] consumers away from shopping for better deals." Compl. ¶ 6; *see also id.* ¶¶ 15–16 (alleging Defendant uses "misleading information in the messages' subject lines" to induce consumer action and purchases).[2] *TransUnion* expressly recognized that "a person exposed to a risk of future harm may pursue forward-looking, injunctive relief to prevent the harm from occurring." 594 U.S. at 435; *see also* Compl. ¶¶ 7, 109, 118, 128.

Plaintiff's allegations and claim for injunctive relief regarding the risk of harm to consumers' right to be free from allegedly deceptive acts are independently sufficient to confer Article III standing.

**D. In the Alternative, The Court Should Stay This Matter Pending Resolution of the *Montes Appeal*.**

The Order to Show Cause cited *Montes*, which is the underlying basis for all the remand orders about which the Court requested briefing. As discussed in Section II.B, above, *Montes* is wrongly decided and, in all events, distinguishable given the absence of allegations regarding Plaintiff's consent. However, should this Court believe that *Montes* is analogous, or that the Article III standing issue is doubtful, the Court should stay this case pending the Ninth Circuit's resolution of the *Montes Appeal*, which will determine whether alleged CEMA violations establish a concrete injury-in-fact sufficient to confer standing.

Other judges in this District have stayed cases similar to this one pending resolution of the *Montes Appeal*, recognizing the likelihood that the Ninth Circuit's decision may impact the standing analysis. *See, e.g.*, *Brown v. La-Z-Boy Inc. et al*, No. 2:25-cv-02203, Dkt. 26 (W.D. Wash. June 3, 2026); *Helms v. SelectBlinds LLC*, No. 3:26-cv-05315, Dkt. 23 (W.D. Wash. Aug. 4, 2026). There is a split among Washington judges within this District with respect to the standing analysis for CEMA claims. Multiple judges, after issuing an order to show cause regarding Article III standing, ultimately acknowledged this pending split among Washington courts and

[2] For clarity purposes, Defendant is not asserting any risk of harm from emails Plaintiff did not receive, *e.g.*, emails caught in a spam filter.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

stayed proceedings. *E.g.*, *Shahpur v. Ulta Salon, Cosm. & Fragrance, Inc.*, No. 2:25-cv-00284, Dkt. 86 (E.D. Wash. July 2, 2026); *Talley v. Everlane, Inc.*, No. 2:26-cv-00007, Dkt. 28 (W.D. Wash. June 12, 2026).

A stay would prevent considerable, irreparable harm to Defendant and promote judicial economy by avoiding potentially significant duplication of litigation effort and expense in state court—all of which would be for naught if the Ninth Circuit ultimately concludes federal jurisdiction is proper because the CEMA violations alleged confer Article III standing. Accordingly, Defendant respectfully requests the Court stay this litigation pending resolution of the *Montes Appeal*.

## III. CONCLUSION

Remand is inappropriate because Plaintiff has pled an injury sufficient to confer Article III standing. In the alternative, the Court should stay the case pending resolution of the *Montes Appeal* in lieu of remand.

Dated: August 31, 2026

*I certify that this memorandum contains 2,794 words, in compliance with the Court's Order.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Kit W. Roth*
Kit W. Roth, WSBA #33059
T. Ray Ivey, WSBA #55683
Tjitske Dekker, WSBA #61558
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: kit.roth@morganlewis.com
ray.ivey@morganlewis.com
tjitske.dekker@morganlewis.com

**THOMAS J. MCANDREW & ASSOCIATES**

Thomas J. McAndrew (*pro hac vice)*
One Turks Head Place, Suite 205

Providence, RI 02903
Phone: (401) 455-0350
Email: tmcandrew@tjmcandrewlaw.com

*Attorneys for Defendant Dooney & Bourke, Inc.*