UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BREANNA POST, on her own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOONEY & BOURKE, INC.,<br><br>Defendant. | Case No.: 2:26-cv-00249-LK<br><br>THE HONORABLE LAUREN KING<br><br>PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE |



CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

The Court has ordered Defendant Dooney & Bourke, Inc. ("Dooney & Bourke") to show cause why this action should not be remanded to state court for lack of Article III standing. *See* Order to Show Cause (Aug. 17, 2026), Dkt. 30. The Court further permitted Plaintiff Breanna Post to file an optional response. *Id.* at 6. She does so below.

**ARGUMENT**

As the proponent of federal jurisdiction, Dooney & Bourke bears the burden of showing it exists. Plaintiff agrees with Dooney & Bourke that she alleges concrete injuries and otherwise makes out a "Case" or "Controversy" within the meaning of Article III. *See* Defendant's Response to Order to Show Cause ("Def.'s Resp."), Dkt. 33 (Aug. 31, 2026). If the Court concludes otherwise, however, there is only one course open to it: remand this case to King County Superior Court, from which Dooney & Bourke removed it. *See* Dkt. 1. Absent a finding of jurisdiction, the case may not be and should not be stayed, as Defendant requests. *See* Def.'s Resp., 2, 8. There are no grounds in law or equity to hold this case captive for months or years[1] pending potentially applicable guidance from an appeal not yet fully briefed. Nor is there justification for doing so where the parties agree that the pending appeal cited by the Court and upon which Defendant seeks a stay, *Montes v. Catalyst Brands LLC*, No. 2:25-CV-0281-TOR, 2025 WL 3485827, *2–3 (E.D. Wash. Dec. 4, 2025) (*Montes II*), is distinguishable and rests on reasoning inconsistent with Ninth Circuit precedent. *See* Dkt. 30 at 3; *see also* Def.'s Resp., 8.

And indeed, rare are the circumstances that warrant sidelining a litigant while appellate proceedings, involving different parties, different facts, and different issues of law run their course.

[1] The median time from filing notice of appeal to decision on the merits in Ninth Circuit non-prisoner civil appeals was 13.8 months for the one-year period ending September 30, 2025. *See* U.S. Courts, *Judicial Business 2025* Tbl. B-4A, *available at* https://www.uscourts.gov/sites/default/files/document/jb_b4a_0930.2025.pdf.



CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

Plaintiff alleges a straightforward theory under Washington's Commercial Electronic Mail Act, Wash. Rev. Code § 19.190.020 ("CEMA"): Dooney & Bourke repeatedly transmitted commercial emails containing misleading subject lines designed to create false urgency by representing that sales were ending imminently when, in fact, Defendant extended those same sales beyond the advertised deadline. That the sales continued longer than promised is not an answer to the deception—it is the deception.

Courts in this District have found that CEMA is related to nuisance theories cognizable for standing. *See Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1005–08 (W.D. Wash. 2019) (Robart, J.) (CEMA protects rights "remedied by nuisance or fraud actions"); *see also Brinton v. Vivint Inc.*, 2024 WL 3688589, at *3 (W.D. Wash. Aug. 7, 2024) ("This Court agrees with the other district courts that have found receipt of spam emails to be a concrete injury that establishes Article III standing."). That should be the end of the matter. Plaintiff has Article III standing.

## I. Plaintiff Suffered Concrete Injuries from Dooney & Bourke's Deceptive Spam Emails.

As the party invoking federal jurisdiction, it is Dooney & Bourke's burden to show it exists. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Weiler v. Delta Dental of Cal.*, 2026 WL 84319, at *2 (N.D. Cal. Jan. 12, 2026) (citing *Jones v. Ford Motor Co.*, 85 F.4th 570, 573 (9th Cir. 2023)) ("As the party that removed the case and is invoking federal jurisdiction, Delta Dental bears the burden of showing that Plaintiff has alleged an injury-in-fact sufficient to confer Article III standing."). Plaintiff agrees with Dooney & Bourke that she has Article III standing for the reasons expressed in *Harbers,* 415 F. Supp. 3d at 999 (analogizing standing in CEMA cases to standing in TCPA cases). *See* Def.'s Resp., 4. Like the TCPA, CEMA remedies harms analogous to those remedied by actions for "invasions of privacy, intrusion upon seclusion, and nuisance," which "have long been heard by American courts." *Van Patten v. Vertical Fitness Grp., LLC*, 847



CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

F.3d 1037, 1043 (9th Cir. 2017); *see Washington v. Heckel*, 24 P.3d 404, 410 (Wash. 2001) ("Deceptive spam harms individual Internet users … . [T]he use of false or misleading subject lines … hampers an individual's ability to use computer time most efficiently. When spammers use [misleading] subject lines … it becomes virtually impossible to distinguish spam from legitimate personal or business messages. … This cost-shifting—from deceptive spammers to … e-mail users—has been likened to sending junk mail with postage due or making telemarketing calls to someone's pay-per-minute cellular phone.").

To the *Harbers* analysis, Plaintiff adds only that, like the TCPA, CEMA "establishes the substantive right to be free from certain types" of communications. *Van Patten*, 847 F.3d at 1043. Whereas the TCPA creates a right to be free from *unsolicited* text messages, *see Harbers*, 415 F. Supp. 3d at 1005–6, CEMA creates a right to be free from *false or misleading* email subject lines. *See id.* at 1002. In this respect, both the TCPA and CEMA resemble libel and slander *per se*, in that the *type* of harm to be protected against has been traditionally actionable even if the actual degree of harm caused "may be difficult to prove or measure" in any particular case. *TransUnion, LLC v. Ramirez*, 594 U.S. 413, 437 (2021) (emphasis omitted). Just as TCPA and libel *per se* claims are actionable in federal court even without plaintiff's subjective feelings of embarrassment, so too are CEMA claims actionable even without plaintiff's subjective feelings of annoyance or any other subjective response.

Unlike the *Montes II* plaintiff, Post never alleges she consented to receive Dooney & Bourke's emails. *See Montes*, 2025 WL 3485827, at *3 (E.D. Wash. Dec. 4, 2025) ("Plaintiff *welcomed* Defendants' marketing emails and even wishes to continue to receive Defendants' emails.") (emphasis added). She alleges, however, that the model of "consent" on which contemporary email marketers operate "is a fiction." Dkt. 1-2, Complaint ("Compl."), ¶ 18; *see*



CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

*also* Def.'s Resp., 7. Even if, however, Plaintiff at some point "consented" to receive Dooney & Bourke's emails, there can be no showing that Plaintiff or any putative class members consented—even in the attenuated, fictitious sense—to receive deceptive advertising. Dooney & Bourke's invasion of Plaintiff's protected interest in not having her email inboxes inundated with a flood of deceptions inflicted concrete injury. Nothing more is required.

The CEMA violations which Plaintiff identifies in the Complaint are not mere technical defects divorced from real-world harm. CEMA prohibits the transmission of commercial emails containing false or misleading information and Plaintiff alleges that she personally received those deceptive communications. Compl., ¶¶ 93-100. The injury is neither hypothetical nor procedural; it arises upon receipt of each unlawfully transmitted email. These communications exposed Plaintiff to misleading information and required her to expend time and attention reviewing, assessing, and managing deceptive emails. These are concrete harms sufficient to confer Article III standing.

## II. Where This Court's Jurisdiction Is In Doubt, It Must Remand.

Defendant asks this Court to bring this case to a standstill should it find that "*Montes* [*II*] is analogous, or that the Article III standing issue is doubtful" Def.'s Resp., 8. The Court cannot oblige. If Dooney & Bourke cannot carry its burden to show the Court has federal jurisdiction, the only available recourse is remand to King County Superior Court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a removed case], the case *shall* be remanded.") (emphasis added). "Where … the removing party fails or declines to satisfy its burden to establish Article III standing, subject matter jurisdiction is in doubt and remand is appropriate, whether or not the plaintiff filed a motion for



CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

remand." *Weiler*, 2026 WL 84319, at *3 (citing among others *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1197 (9th Cir. 2016)).

Awaiting further guidance from the Ninth Circuit on the jurisdictional issue, however, is not open to the Court. Either the Court has jurisdiction and the case should proceed, or it doesn't and the case should be remanded. If the Court's jurisdiction is not secure, it is empowered only to remand. *See* 28 U.S.C. § 1447(c). Because this case was removed here from King County Superior Court, *see* Dkt. No. 1, section 1447(c) controls; remand is the only proper course. *See Polo*, 833 F.3d at 1196 ("[T]he district court generally *must* remand the case to state court, rather than dismiss it. Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the *federal* courts have no power to adjudicate the matter. … The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies … to any … type of removed case." (internal citation omitted) (emphasis added)).

Otherwise, "without jurisdiction the court cannot proceed at all in any cause." *S.K. v. Hermosillo*, 2026 WL 716019, at *1 (W.D. Wash. Mar. 13, 2026) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)). Specifically, in the absence of a "Case" or "Controversy," federal courts have no power to declare the law or decide any issue. *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013). That includes the power to enter a stay. *See, e.g.*, *Farkas v. Bridgestone/Firestone, Inc.*, 113 F. Supp. 2d 1107, 1115 n.8 (W.D. Ky. 2000) ("[T]he jurisdictional issue must be resolved before deciding whether to stay or transfer the case to the MDL panel."); *Lloyd v. Cabell Huntington Hosp., Inc.*, 58 F. Supp. 2d 694, 696 (S.D.W. Va. 1999) ("This Court cannot … stay proceedings in an action over which it lacks jurisdiction."); *Stern v. Mut. Life Ins. Co. of N.Y.*, 968 F. Supp. 637, 639 (N.D. Ala. 1997) ("If the court lacks jurisdiction over the action *ab initio*, it is without jurisdiction to enter … a stay."). If the Court finds it has no



CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

jurisdiction or finds its jurisdiction in doubt, that conclusion dictates the Court's only remaining option: remand.

**III. The Balance of Equities Weighs Against a Stay.**

As discussed above, the jurisdictional inquiry here is dispositive. Only if the Court is satisfied it has jurisdiction may it consider whether a discretionary stay is appropriate. And even then, only in "rare circumstances" may one litigant "be compelled to stand aside" while another "settles the rule of law that will define the rights of both." *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1109–10 (9th Cir. 2005). A potentially relevant pending appeal is not in itself justification for a stay. *See Dependable Highway Express, Inc. v. Navigators Ins. Co*., 498 F.3d 1059, 1066–67 (9th Cir. 2007) ("[C]ase management standing alone is not necessarily a sufficient ground to stay proceedings."); *Washington v. Internet Order, LLC*, 2015 WL 918694, at *6 (W.D. Wash. Mar. 2, 2015) (same).

Here, *Montes II* does not supply the extraordinary circumstances necessary to warrant freezing this case. Defendant concedes as much. *See* Def.'s Resp., 5-6. The mere speculative prospect of a future ruling provides no basis for a stay.

**A. A Stay Would Substantially Prejudice Plaintiff and the Putative Class.**

Courts considering stays look to possible damage, hardship, and the orderly course of justice. *See In re PG&E Corporation Securities Litigation*, 11 F.4th 1076, 1087 (9th Cir. 2024); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). To warrant a stay, there must be a "clear case of hardship or inequity in being required to go forward" where "there is even a fair possibility that the stay [ ] will work damage to some one else." *Lockyer*, 398 F.3d at 1109 (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936)). That "fair possibility" exists here. There is no indication that the *Montes II* appeal is "likely" to "conclude[ ] within a reasonable time in relation to the



CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

urgency of the claims presented to the court," as required. *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979); *PBTM LLC v. Football Nw., LLC*, 2022 WL 2208157, at *2 (W.D. Wash. June 21, 2022) (same). While it has been pending, *Montes II* deadlines have been extended three times. *See Montes v. Penney OpCo, LLC,* Nos. 26-241, 25-8045 (9th Cir.), Dkt. Nos. 25, 31, 37.

This matters. Courts must consider "possible damage" from postponement, including evidentiary concerns, litigation delay, and the effect of a stay on the parties' ability to prosecute their claims. *See In re PG&E Corporation Securities Litigation*, 11 F.4th 1076, 1087 (9th Cir. 2024) (reversing stay). Passage of time itself increases the risk of evidentiary deterioration and fading recollections. *See Lockyer*, 398 F.3d at 1112; *Dependable Highway*, 498 F.3d at 1066-67. There is a non-speculative risk of such "lost evidence" here. *In re PG&E*, 11 F.4th at 1087. This case concerns electronically stored information—evidence susceptible to degradation, overwriting, deletion, and loss over time. The challenged emails were allegedly transmitted through third-party systems that may maintain data pursuant to evolving retention schedules, automated deletion practices, or changing business relationships. Compl., ¶ 88. Delaying discovery increases the risk that evidence will be more difficult to locate or preserve. Courts recognize that the passage of time itself may prejudice plaintiffs by increasing the risk of evidentiary deterioration and fading recollections. *See Lockyer*, 398 F.3d at 1112 (delay may prejudice the non-moving party); *Dependable Highway Express, Inc*, 498 F.3d at 1066-67.

This is particularly true because Plaintiff does not seek merely monetary relief; on behalf of herself and the putative class, she seeks injunctive relief against Defendant's ongoing transmission of misleading emails. Compl., ¶¶ 7, 109, 118, 128. A stay under these circumstances will permit that conduct to continue unabated while delaying any prospective remedy, a hardship



CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

on which the Ninth Circuit determined, in *Lockyer*, that a stay was inappropriate. 398 F.3d at 1112 ("more than just a fair possibility of harm" if injunctive relief claim "ha[d] merit," rendering defendant's conduct "an ongoing illegal. . . threat[ ] [of] economic harm to electricity consumers"). *See also Washington*, 2015 WL 918694, at *5 (finding "stay would potentially harm Washington consumers" by "delay[ing] their ability to obtain [injunctive] relief . . . if such relief is warranted"). So too, here: delay of meritorious injunctive relief threatens months-long harm to Plaintiff and putative class members from Defendant's deceptive spam emails.

**B. Dooney & Bourke Has Not Established the Type of Hardship Necessary to Justify a Stay.**

Being required to defend a suit, without more, does not constitute a "clear case of hardship or inequity." *Lockyer*, 398 F.3d 1098, 1112. Yet, Dooney & Bourke complains it will suffer "considerable[] irreparable harm" if it must incur "significant duplication of litigation effort and expense in state court" only for a later Ninth Circuit decision to conclude federal jurisdiction was proper here all along. Def.'s Resp., 9. That sort of speculation is not hardship; it's litigation. The routine costs and burdens attendant to defending a lawsuit do not constitute the type of "hardship or inequity" required to justify an extraordinary stay under *Landis*. *See Lockyer*, 398 F.3d at 1112; *Landis*, 299 U.S. at 255; *see also Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2018 WL 1569811, at *2 (N.D. Cal. Feb. 16, 2018) ("Discovery is not stayed just because it imposes *some* burden." (emphasis in original)); *Smith v. Levine Leichtman Cap. Partners Inc.*, 2011 WL 13153189, at *2 (N.D. Cal. Feb. 11, 2011) ("The expense of discovery alone does not amount to good cause to stay discovery based on Defendant's argument that they are likely to succeed on the pending motions and could therefore avoid unnecessary expenses."). Dooney & Bourke is a sophisticated national retailer that conducts large-scale email marketing campaigns directed toward Washington consumers. Responding to discovery concerning those campaigns, which are



CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

central to both Plaintiff's claims and Defendant's defenses, is not remarkable. It is the predictable and ordinary consequence of defending a consumer class action arising from a deceptive marketing campaign carried out through electronic communications.

Motions to stay are disfavored for good reason. By offering little more than vague references to "irreparable harm" and "promot[ing] judicial economy", Def.'s Resp., 9, Dooney & Bourke has failed to demonstrate the hardship or inequity that would justify a stay in this matter.

## CONCLUSION

Plaintiff has Article III standing; the Court has subject matter jurisdiction; and the case should proceed. If the Court finds otherwise, remand is its only recourse.

[*Signature page follows.*]



CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

RESPECTFULLY SUBMITTED AND DATED this 4th day of September, 2026.

*I certify that this memorandum contains no more than 2,746 words, in compliance with the Judge's Order.*

/s/ *Lynn A. Toops*
Lynn A. Toops, *pro hac vice*
Natalie A. Lyons, *pro hac vice*
Ian R. Bensberg, *pro hac vice*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

*s/ Samuel J. Strauss*
Samuel J. Strauss, WSBA #46971
Raina C. Borrelli, *pro hac vice forthcoming*
**STRAUSS BORRELLI, PLLC**
980 North Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com

Michael C. Tackeff, *pro hac vice*
J. Gerard Stranch, IV, *pro hac vice*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
Facsimile: (615) 254-5419
mtackeff@stranchlaw.com
gstranch@stranchlaw.com

*Attorneys for Plaintiff*